# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BOOTH,<br><br>　　　　vs.　　　　　Plaintiff,<br><br>DARREL ADAMS, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10CV2361 JLS (CAB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION (2) DENYING PETITION FOR HABEAS CORPUS WITH PREJUDICE**<br><br>(ECF Nos. 7 & 13.) |

Edward Booth filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 15, 2010. (ECF No. 1.) He requests relief for a variety of reasons, including ineffective assistance of counsel during both trial and appeal, several abuses of discretion by the trial court on evidentiary issues, and deprivation of a fair trial because no African Americans were impaneled on his jury. Several months after filing his petition, Booth filed a motion for stay and abeyance so that he could exhaust unexhausted claims before the state courts. (ECF No. 7.)

Magistrate Judge Bencivengo issued a Report and Recommendation on Booth's motion to stay, recommending this Court deny the motion and *sua sponte* dismiss Booth's petition with prejudice. (ECF No. 13.) Judge Bencivengo noted that dismissal was proper for two separate reasons: not only was Booth's claim time barred, it was also procedurally defaulted under adequate and independent state law. (*Id.* at 10–16.) The R&R and Booth's objection to the R&R are presently before the Court for review.

1  Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a
2 district court's duties regarding a magistrate judge's report and recommendation. The district
3 court "shall make a de novo determination of those portions of the report . . . to which objection is
4 made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations
5 made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447
6 U.S. 667, 673–76 (1980). In the absence of timely objection, however, the Court "need only
7 satisfy itself that there is no clear error on the face of the record in order to accept the
8 recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist.*
9 *Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

10  Booth's objections to the R&R do not discuss Judge Bencivengo's finding that Booth's
11 habeas petition is time barred. (ECF No. 13 at 10–14.) This Court finds no clear error on the face
12 of the record with regard to that finding and adopts it in its entirety. A merits consideration of
13 Booth's claims is time barred.

14  Booth's objections center around the procedural default issue instead. The Court finds it
15 unnecessary to consider the objections, however, because they are moot. The time bar is sufficient
16 on its own to deny Booth's habeas petition. Accordingly, the Court hereby (1) **ADOPTS**
17 Magistrate Judge Bencivengo's report and recommendation with regard to the time bar and (2)
18 **DENIES WITH PREJUDICE** Booth's petition for habeas corpus.

19  Finally, this Court is under an obligation to determine whether a certificate of appealability
20 should issue in this matter. A certificate of appealability is authorized "if the applicant has made a
21 substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner
22 satisfies this standard by showing that "reasonable jurists" would debate the Court's assessment of
23 the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, the
24 petition is dismissed on procedural grounds, a certificate of appealability "should issue when the
25 petitioner shows, at least, [1] that jurists of reason would find it debatable whether the petition
26 states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it
27 debatable whether the district court was correct in its procedural ruling." *Id.*
28 ///

1       The Court finds that reasonable jurists would agree with this Court's resolution of Plaintiff's claims. The record provides adequate basis for finding that Booth's habeas petition is time barred. The Court **DENIES** a certificate of appealability as a result. The Clerk **SHALL** close the file.

      **IT IS SO ORDERED.**

DATED: September 2, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge